IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:11-CR-00038-2 |
| v. : | |
| : | (Chief Judge Kane) |
| TROY M. BISHOP, : | |
| Defendant : | |

**MEMORANDUM**

Before the Court are three letters filed by Defendant Troy M. Bishop (Doc. Nos. 146, 147, 148), containing various requests, one of which the Court will construe as a motion to withdraw his plea of guilty entered on November 15, 2011. For the reasons that follow, the Court will deny Defendant's motion to withdraw his plea of guilty as well as his other requests.

I.  BACKGROUND

On November 15, 2011, Defendant entered a plea of guilty to Counts One and Three of the indictment filed February 9, 2011 pursuant to a plea agreement between Defendant and the Government. (Doc. Nos. 73, 77.) Defendant consented to proceed before a magistrate judge (Doc. No. 75), and a change-of-plea hearing was held before Magistrate Judge Smyser on November 15, 2011 (Doc. No. 74). During the hearing, Magistrate Judge Smyser conducted a colloquy with Defendant and determined that he was "competent to enter a knowing and voluntary plea;" that he understood the charge and penalties, understood his trial rights, and knowingly waived his right to trial; that his plea was voluntary; "that the plea agreement contains the only promises made to the defendant;" and "[t]hat the plea is supported by an independent basis in fact as to each of the essential elements of the offense." (Doc. No. 80.) On November 17, 2011, Magistrate Judge Smyser issued a Report and Recommendation that this

Court enter an order adjudging Defendant guilty of the offenses. (Id.) On December 6, 2011, the Court accepted Defendant's plea of guilty. (Doc. No. 83.) Defendant was scheduled to be sentenced on April 12, 2012. (Doc. No. 118.)

After accepting Defendant's plea of guilty, the Court received numerous letters from Defendant (Doc. Nos. 92, 101, 115, 118) containing unusual statements and requests, such as appointing his counsel as his "fiduciary trustee," requesting that his "exemption for post settlement" be used to close this case, and demanding that the undersigned issue a certified copy of her oath of office and a "fidelity bond" within three days. (See Doc. No. 121.) The Court addressed these issues as well as other strange requests and assertions in a March 16, 2012 order, stating that "[t]he legal authority relied on by Defendant Bishop is difficult to ascertain, but it seems to be related to a theory that can broadly be referred to as the 'redemption' theory,'" which has been "uniformly rejected" by courts across the nation. (Doc. No. 121 at 2.) The Court made clear that no legal authority supported Defendant's requests. (Id. at 2-3.)

After receiving notice from Defendant's counsel that Defendant refused to confer with him, the Court held a hearing in lieu of sentencing on April 12, 2012. (Doc. No. 137.) At the hearing, Defendant indicated that he was dissatisfied with his counsel's performance and began to reiterate some of the nonsensical arguments he raised in his letters. Although the undersigned emphasized the baseless nature of these arguments, Defendant elected to go forward with the remainder of this action pro se after the undersigned conducted a pro se colloquy. The Court ordered Defendant's former counsel to remain as Defendant's standby counsel. On April 24, 2012, the Court received three letters from Defendant, seeking various forms of relief, including the withdrawal of his plea of guilty. (Doc. Nos. 146, 147, 148.)

## II. DISCUSSION

Between April 12, 2012, and April 14, 2012, Defendant mailed several letters to the United States District Court for the Eastern District of Pennsylvania. The letters are addressed to different individuals and were forwarded to the Clerk of this Court, who docketed them on April 24, 2012. (Doc. Nos. 146, 147, 148.) In a letter dated April 12, 2012, titled "letter of Advice to the Clerk," Defendant explains his reasoning for sending the letters to the Eastern District of Pennsylvania rather than to this Court:

> If you are curious of why im sending this threw your eastern district courts, its because the middle district isnt playing fair and I don't trust them. So im kinda of using your district court as a witness to what I'd filed and to over look things as im pro se with standby counsel.

(Doc. No. 148 at 4.)

The United States District Court for the Eastern District of Pennsylvania, and any other district court besides the United States Court for the Middle District of Pennsylvania, lacks jurisdiction to assess Defendant's motions and requests. To be clear, the Eastern District of Pennsylvania cannot provide Defendant any relief in this action, cannot act as a "witness" to Defendant's filings, and cannot "over look things" simply because Defendant has elected to proceed pro se with the remainder of this action. Therefore, Defendant is advised to send all documents relating to this action only to this Court.

### A. Motion to Withdraw Plea of Guilty

The Court will now consider Defendant's April 12, 2012 letter, titled "Brady material, motion to withdraw plea agreement," which the Court will construe as a motion to withdraw his plea of guilty entered on November 15, 2011. (Doc. No. 148 at 2.) Rule 11(d) of the Federal

Rules of Criminal Procedure governs the withdrawal of plea agreements and pleas of guilty by a criminal defendant. After a plea of guilty has been entered, a criminal defendant has no absolute right to withdraw the plea and the decision to allow a withdrawal is committed to the discretion of the district court. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). Although a defendant may move to withdraw a plea of guilty, he bears a heavy burden to "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This "fair and just" standard applies even when a defendant seeks to withdraw his plea of guilty prior to the Court's acceptance of the plea agreement. See United States v. Hyde, 520 U.S. 670, 671 (1997) ("After the defendant in this case pleaded guilty, pursuant to a plea agreement, the District Court accepted his plea but deferred decision on whether to accept the plea agreement . . . . We hold that in such circumstances a defendant may not withdraw his plea unless he shows a 'fair and just reason . . . .'"). When determining whether a defendant has met his substantial burden, the district court must consider: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing Brown, 250 F.3d at 815; United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989)). Further, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Brown, 250 F.3d at 815 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) (internal quotation marks omitted)).

    *1.*    *Assertion of Innocence*

Defendant does not assert that he is innocent of the charges to which he has entered a

plea of guilty in any of his letters to the Court. In fact, in a letter dated April 14, 2012, titled "Re: Enter guilty plea, Motion for Bill of Particulars and DNA," Defendant states: "I, the accused, Troy M. Bishop, am not in dispute/argument with any of the FACTS in the case, and due to this, I Troy M. Bishop, enter a plea of guilty to those FACTS alleged in the True Bill, but not the conclusions of law." (Doc. No. 146 at 4.) Defendant, therefore, appears to admit that he committed the crimes to which he has entered a plea of guilty.

        2.       *Strength of Defendant's Reasons for Withdrawal of His Plea of Guilty*

In order for a plea of guilty to be valid, "it must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." Jones, 336 F.3d at 254 (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal brackets and quotation marks omitted)). Where a defendant is represented by counsel during the plea process and decides to plead guilty on advice of counsel, the voluntary and intelligent character of that plea cannot be attacked if the advice "was within the range of competence demanded of attorneys in criminal cases." Lockhart, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The defendant also must show that the error by counsel prejudiced him, such that he would not have entered his plea of guilty if not for the attorney's ineffective assistance. Id. at 59.

Here, Defendant entered the plea on advice of counsel, and Magistrate Judge Smyser questioned Defendant extensively about the assistance of his counsel at the plea colloquy. During his interchange with Magistrate Judge Smyser, Defendant stated that he had discussed the charges against him with his attorney, had reviewed the plea agreement with his attorney, and that he was satisfied with the advice his attorney gave him. (Doc. No. 116 at 6:9-19, 12:12-15.) Magistrate Judge Smyser also thoroughly discussed the implications of a plea of guilty with

Defendant during his colloquy, explaining that "[b]y pleading guilty, you admit your guilt and you give up your trial rights," and that "[t]here will not be a further trial of any kind. You give up any possible defense." (Doc. No. 116 at 8:1-2, 4-5.)  Magistrate Judge Smyser also described all of Defendant's trial rights in detail and warned that a plea of guilty was a final decision, emphasizing that Defendant would "not be able to withdraw [his] plea at a later time." (Id. at 6:20-25, 7:1-25, 8:1-6, 12:20-22.)

Defendant does not argue in any of his letters that he did not understand the implications of the plea.  In fact, upon review of each letter, the Court finds that Defendant specifically mentions his plea agreement only in his letter addressed to the Philadelphia disciplinary board, dated April 12, 2012.  (Doc. No. 148 at 3.)  In that letter, Defendant states that his former counsel did not give him certain documents, called his mother "to put her under duress to get me to sign a plea," and lied to him by stating that he had been indicted.  (Doc. No. 148 at 3.)  Moreover, in other portions of the letters, Defendant reiterates his nonsensical legal theories previously rejected by the Court.  Most significantly, in a letter dated April 14, 2012, titled "Re: The Tax Bill," Defendant states:

> I am aware that im the defendant and this is a criminal matter because when im first charged im considered a tax protestor, but once I zero out the tax bill, I'll become the offender so the case a become a civil matter.  The tax bill is my bond amount and other misc charges within the Administrative court.  So I need the register of action form for my case #, and any bill under that case #.

(Doc. No. 146 at 3.)  The Court made clear to Defendant, both in the March 16, 2012 order and at the April 12, 2012 hearing, that the undersigned will no longer entertain nonsensical arguments such as this one.  Nevertheless, for the sake of clarity, the Court advises Defendant that: This is a federal criminal action that is not now, never was, or will be a civil, commercial,

administrative, or maritime action; no administrative court is involved in this case; this case does not involve a tax bill; Defendant is not now, or ever was, considered a tax protestor in this case; and there is no register of action form or monetary bill that is relevant to the action. As Defendant surely knows, he pled guilty to the following crimes: conspiracy to possess with intent to distribute, and conspiracy to distribute, 500 grams and more of heroin in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924. Defendant cannot now avoid the penalties of these statutory violations to which he has entered a plea of guilty by making requests and arguments based on legal theories that have been wholly rejected by every court that has considered them.[1]

Considering that Defendant knowingly and voluntarily entered his plea of guilty and has failed to present the Court with any persuasive reasons to withdraw the plea, the Court concludes that Defendant has failed to meet his substantial burden of showing a "fair and just" reason to allow withdrawal of his plea of guilty.

    3.    *Prejudice to the Government*

Where a defendant fails to demonstrate that other factors support the withdrawal of a plea

---

[1] See United States v. Ornelas, No. 05-cr-321, 2010 WL 4663385, at *1 (S.D. Ala. Nov. 9, 2010) ("Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible, UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of 'redemption') have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bounds, liens or default notices against government officials involved in defendants' incarceration.") (citing Luster v. United States, No. 03-cr-52, 2010 WL 3927786 (M.D. Ga. Apr. 13, 2010); Marshall v. Florida, No. 10-20227, 2010 WL 1248846 (S.D. Fla. Feb. 1, 2010); Black v. Florida, No. 09-cv-30, 2009 WL 1605410 (N.D. Fla. June 4, 2009); United States v. Joseph, No. 93-cr-22, 2008 WL 3929583 (M.D. Ga. Aug. 21, 2008); Jordan v. United States, No. 04-cr-33, 2007 WL 3005326 (M.D. Ga. Oct. 12, 2007); Hardin v. Mich. Dep't of Corrections, No. 06-cv-430, 2007 WL 1975102 (W.D. Mich. Mar. 28, 2007); United States v. Mitchell, 405 F. Supp. 2d 602 (D. Md. 2005)).

of guilty, the Government need not show that prejudice would result if the plea were withdrawn. Jones, 336 F.3d at 255 (citing United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995)). Accordingly, the Court need not determine whether prejudice would result in this situation because the Court has concluded that Defendant has not demonstrated a "fair and just" reason to allow withdrawal of his plea.

### B. Defendant's Other Requests

In addition to his motion to withdraw his plea of guilty, Defendant's letters are comprised of the following: (1) a request made to the Clerk of Court for the Middle District of Pennsylvania for grand jury transcripts, "concurence form, and witness" pursuant to Brady v. Maryland, 373 U.S. 83 (1963) (Doc. No. 148 at 2); (2) a letter addressed to the Philadelphia Disciplinary Board, expressing concerns about his prior counsel and requesting that the Board appoint an attorney from the American Civil Liberties Union ("ACLU") to represent him (Doc. No. 148 at 3); (3) a request to the "Head Clerk" for the Middle District of Pennsylvania to disclose "what claims have been registered in the Court in my name as the Offender" (Doc. No. 147 at 3); (4) a request to the Deputy Clerk of Court for "the register of action form for my case [number], and any bill under that case [number]" (Doc. No. 146 at 3); (5) a letter to the Deputy Clerk of Court, stating that Defendant enters a plea of guilty to the "FACTS alleged in the True Bill, but not [to the] conclusions of law" and requesting to "postpone . . . any pleadings [until he] receive[s] the Bill of Particulars and DNA" (Doc. No. 146 at 4); and (6) a request to the United States Probation Office for a copy of the "1099 DID to enable" him to give the United States Marshals an accurate account balance of his account with the Treasury (Doc. No. 146 at 5). All of these requests are without merit, but the Court will write briefly to address each of them.

First, Defendant's request for grand jury transcripts will be denied because he has not demonstrated a particularized need for them. Rule 6(e) of the Federal Rules of Criminal Procedure generally protects and preserves the secrecy of grand jury proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979). Rule 6(e) permits disclosure of "a grand-jury matter preliminarily to or in connection with a judicial proceeding" only where a party makes a strong showing of a particularized need for the information that outweighs the public interest in grand jury secrecy. Fed. R. Crim. P. 6(e)(3)(E)(i); United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). Specifically, the party seeking disclosure must show that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed. Douglas Oil Co., 441 U.S. at 222. Defendant offers nothing more than a general assertion that the grand jury transcripts may contain exculpatory evidence. Such an assertion is not sufficient to establish a particularized need. See United States v. Miramontez, 995 F.2d 56, 59-60 (5th Cir. 1993); United States v. Azad, 809 F.2d 291, 294-95 (6th Cir. 1985). Moreover, Defendant has not sufficiently articulated his request for "concurrence form, and witness." Accordingly, the Court will deny all of these requests.

Second, the Court will deny Defendant's requests contained in the April 12, 2012 letter addressed to the Philadelphia Disciplinary Board, as he has not requested that the Court provide any relief. With respect to Defendant's request that the Board appoint an attorney from the ACLU to represent him, however, the Court notes that Defendant elected to go forward with the remainder of this action pro se after the undersigned conducted a pro se colloquy at the April 12,

2012 hearing.

Third, Defendant's request for the "claims [that] have been registered in the Court in my name as the Offender" is unclear. To the extent that Defendant seeks information regarding the information contained in the indictment, the indictment charges in Count One that Defendant conspired to possess with intent to distribute, and conspired to distribute, 500 grams and more of heroin in violation of 21 U.S.C. § 846; in Count Two that Defendant possessed with intent to distribute and distributed 500 grams and more of heroin in violation of 21 U.S.C. § 841; and in Count Three that Defendant possessed a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924. (Doc. No. 1.) Defendant entered a plea of guilty as to Counts One and Three on November 15, 2011. (Doc. No. 77.)

Fourth, as discussed, there is no register of action form or monetary bill that is relevant to this action. Fifth, Defendant is not entitled to a bill of particulars or DNA evidence. With respect to his request for a bill of particulars, Defendant states: "If there is an issue with the involvement of an identity in the resemblance of my ordinate appellation, then as the principal I have an interest in the Bill of Particulars of the Proceeds, products, accounts, fixtures and services." (Doc. No. 146 at 4.) This confounding statement does not persuade the Court to exercise its discretion in ordering the Government to file a bill of particulars, especially in light of the facts that Defendant entered a voluntary and knowing plea of guilty, that Defendant admits to the factual allegations contained in the indictment in his letter requesting a bill of particulars, and that the indictment sufficiently identifies the charges against him. See United States v. Moyer, 674 F.3d 192, 192 (3d Cir. 2012) ("The decision to grant a motion for a bill of particulars is a discretionary matter with the trial court") (internal quotation marks omitted). Regarding his

request for DNA evidence, it is not clear that such evidence was collected in this action, and, even if it were, Defendant has not explained how such evidence is relevant to the present posture of this case. Therefore, these requests are denied.

Finally, the Court will deny Defendant's request to the United States Probation Office, as the request is a misguided attempt to resolve this action pursuant to Defendant's nonsensical legal theories, which this Court has exhaustively addressed and rejected.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant has not met his burden of showing a "fair and just" reason to allow withdrawal of his plea of guilty and, as a result, will deny his motion to withdraw the plea. The Court further concludes that the other requests contained in Defendant's letters are without merit and will deny each of them. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | Criminal No. 1:11-CR-00038-2 |
| v.  : | |
| : | (Chief Judge Kane) |
| TROY M. BISHOP,  : | |
|     Defendant  : | |

**ORDER**

**AND NOW**, on this 14th day of May 2012, upon consideration of Defendant Troy M. Bishop's motion to withdraw his plea of guilty and the other requests contained in the letters docketed at Document Numbers 146, 147, and 148, **IT IS HEREBY ORDERED THAT** the motion and all other requests are **DENIED**. Sentencing will remain set for May 16, 2012, at 1:30 p.m., in accordance with the Court's April 12, 2012 notice. (Doc. No. 143.)

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
